# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**BENJAMIN JOHN BIESE**,

      Plaintiff,

      **v.**                        **Case No. 16-CV-359**

**BRIAN FOSTER, et al.,**

      Defendants.

## SCREENING ORDER

Plaintiff Benjamin John Biese, who is representing himself, has filed a complaint alleging that his civil rights were violated while he was incarcerated at Green Bay Correctional Institution. This matter is before the Court on Mr. Biese's motion to proceed without prepaying the $350 filing fee (ECF No. 2), his motion to seal the complaint (ECF No. 10), and for screening of his complaint (ECF No. 1).

<u>Motion to Proceed without Prepaying the Filing Fee</u>

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On March 24, 2016, the Court assessed an initial partial filing fee of $0.27. (ECF No. 5.) Mr. Biese paid that fee on April 21, 2016. Accordingly, Mr. Biese may proceed with his lawsuit without

prepaying the $350 filing fee. He is ordered to pay the remainder of the filing fee over time as set forth at the end of this decision.

Motion to Seal the Complaint

On April 21, 2016, Mr. Biese filed a motion asking the Court to seal the complaint. (ECF No. 10.) He explains that "[t]he complaint discloses details of sexual abuse/assault" and that "disclosure would not be in the interest of justice."

General Local Rule 79(d) requires a party to provide "sufficient facts demonstrating good cause for withholding [a document] from the public record." Mr. Biese fails to do this. Perhaps, because the allegations in his complaint are of a sensitive and personal nature, Mr. Biese does not want the subject matter made public. However, as noted by the Court of Appeals for the Seventh Circuit, "Many a litigant would prefer that the subject of the case . . . be kept from the curious . . ., but the tradition that litigation is open to the public is very long standing." *Union Oil Co. of California v. Leavell,* 220 F.3d 562, 567 (7th Cir. 2000) (citations omitted). Judicial proceedings are public, rather than private, affairs, and when people call on the courts, they must accept the openness that goes with those proceedings. *See Id.* at 568; *see, e.g., United States v. Foster*, 564 F.3d 852, 854-55 (7th Cir. 2009) (emphasizing that a preference for secrecy or to avoid embarrassment are not sufficient bases for sealing filings).

While the Court can understand that Mr. Biese may prefer privacy, he has not provided a sufficient basis under the law for withholding his complaint from the public.

2

<u>Screening Mr. Biese's Complaint</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id*. (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to

3

raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon her by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Mr. Biese alleges that, on October 25, 2015, he was sexually assaulted by two inmates. The next day, he reported the assault to a non-defendant doctor, who notified defendant Captain Pusich. An investigation was initiated pursuant to the Prison Rape Elimination Act (PREA); Mr. Pusich led the investigation. Mr. Biese

4

states that defendant Brian Foster supervised Mr. Pusich and that defendant Scott Eckstein supervises the overall safety and security of the institution.

On December 3, 2015, the investigation concluded with the finding that Mr. Biese's allegations were unsubstantiated. On February 12, 2016, Mr. Biese was placed back into the same unit where the assault allegedly occurred. Mr. Biese states that, not only was he vulnerable to an additional attack, but he began receiving threats and "being extorted for funds in exchange for 'protection.'" Mr. Biese states that he has requested assistance, but his requests have been denied or ignored.

Mr. Biese seeks damages in the amount of $200,000. He also seeks a preliminary injunction in the form of a transfer to any institution other than Green Bay Correctional.

Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Supervisory liability is not available for actions filed under 42 § 1983, nor can there be collective or vicarious liability. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). In other words, a plaintiff must identify the individual defendant(s) and specify how his/her/their actions, or failure to take action, violated his constitutional rights.

First, Mr. Biese cannot state claims against Mr. Foster and Mr. Eckstein merely because they were supervisors. Second, Mr. Biese's allegations that Mr.

Pusich failed to follow the requirements set forth in the PREA are not actionable because nothing in the PREA suggests that it was intended to create a private cause of action. "[W]here the text and structure of a statute provides no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga University v. Doe*, 536 U.S. 273, 286 (2002).

Third, the thrust of Mr. Biese's complaint is that he was placed back in the same unit as his attackers and that his protests about the dangers and threats he is currently facing have been ignored. However, Mr. Biese does not clarify *who* decided to place him back in that same unit, nor does he clarify *who* is ignoring his protests. The complaint identifies Mr. Pusich as the PREA investigator and Mr. Foster and Mr. Eckstein as supervisors, but it does not necessarily follow that, because of their positions, Mr. Pusich, Mr. Foster, and Mr. Eckstein are responsible for the specific conduct about which Mr. Biese complains. Because § 1983 liability is based on personal involvement, Mr. Biese must be more specific about who did what. If Mr. Biese is unsure about who is responsible for this conduct, then he may refer to the unknown defendant as "John Doe(s)" until he is able to identify the proper name(s) through discovery.

In short, Mr. Biese's allegations, in their current form, fail to state claims against the named defendants. As such, the Court strikes the complaint and denies his request for a preliminary injunction. That said, the Court will allow Mr. Biese to file an amended complaint to cure the deficiencies in the original complaint as

6

described above. If Mr. Biese chooses to file an amended complaint, he must do so on or before **May 25, 2016.** If Mr. Biese chooses not to file an amended complaint by the deadline, the Court may dismiss his lawsuit based on his failure to prosecute.

The Court advises Mr. Biese that an amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint takes the place of the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint (ECF No. 1) is **STRICKEN**, and plaintiff's request for a preliminary injunction is **DENIED**.

**IT IS ALSO ORDERED** that plaintiff's motion to seal the complaint (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint on or before **May 25, 2016**. If plaintiff chooses not to file an amended complaint by the deadline, the Court will dismiss this action for failure to prosecute.

7

**IT IS ALSO ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $349.73 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined

**IT IS ALSO ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.

It will only delay the processing of the matter.  As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to the defendants.  All defendants will be served electronically through the court's electronic case filing system.  Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 28th day of April 2016.

**BY THE COURT:**

_s/ David E. Jones_
DAVID E. JONES
United States Magistrate Judge

9